1  Peter E. Perkowski (SBN 199491)
   peter@perkowskilegal.com
2  PERKOWSKI LEGAL, PC
   515 S. Flower Street, Suite 1800
3  Los Angeles, California 90071
   Tel.: (213) 340-5796
4
5  Ronald M. Daignault (pro hac vice)
   Chandran B. Iyer (pro hac vice)
6  Raymond W. Mort, III (pro hac vice)
   Erin Hadi (pro hac vice)
7  Taylor Lepore (pro hac vice)
   Richard Juang (pro hac vice)
8  DAIGNAULT IYER LLP
   8229 Boone Boulevard – Suite 450
9  Vienna, VA 22182
   Phone: (917) 838-9795

10 Attorneys for Plaintiff
   AVATIER IP, LLC
11 DLA PIPER LLP (US)
12 Michael Jay (SBN 223827)
   michael.jay@us.dlapiper.com
13 Benjamin Yaghoubian (SBN 292318)
   benjamin.yaghoubian@us.dlapiper.com
14 Martin Ellison (SBN 292060)
   martin.ellison@us.dlapiper.com
15 2000 Avenue of the Stars
   Suite 400 North Tower
16 Los Angeles, California 90067-4735
   Telephone: 310.595.3000
17 Facsimile: 310.595.3300

18 DLA PIPER LLP (US)
19 Erin Gibson (SBN 229305)
   erin.gibson@us.dlapiper.com
20 4365 Executive Drive
   Suite 1100
21 San Diego, California 92121-2133
   Telephone: 858.677.1400
22 Facsimile: 858.677.1401

23 Attorneys for Defendant
   MICROSOFT CORPORATION

**NOTE: CHANGES MADE BY THE COURT**

25       UNITED STATES DISTRICT COURT

26       CENTRAL DISTRICT OF CALIFORNIA

AVATIER IP, LLC,

                *Plaintiff,*

    v.

MICROSOFT CORPORATION,

                *Defendant.*

Case No.: 2:25-cv-03640-AB SKx

*Honorable Steve Kim*

**STIPULATED PROTECTIVE ORDER**

---

THE PARTIES, THROUGH COUNSEL OF RECORD, HEREBY STIPULATE AND AGREE to the entry of the attached Stipulated Protective Order.

Dated:  December 11, 2025     **PERKOWSKI LEGAL, PC**
                                      **DAIGNAULT IYER LLP**

                              By:   /s/ Peter Perkowski
                                  Peter E. Perkowski
                                  Attorneys for Plaintiff
                                  AVATIER IP, LLC

Dated:  December 11, 2025     **DLA PIPER LLP (US)**

                              By:   /s/ Michael Jay
                                    Michael Jay
                                  Attorneys for Defendant
                                  MICROSOFT CORPORATION

## **ATTESTATION**

The filer of this document, Peter Perkowski, attests that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized its filing.

                                /s/ Peter Perkowski
                                Peter Perkowski

United States District Court
Central District of California

4906-9174-8478, v. 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVATIER IP, LLC, | Case No.: 2:25-cv-03640-AB SKx |
| *Plaintiff,* | *Honorable Steve Kim* |
| v. | STIPULATED PROTECTIVE |
| MICROSOFT CORPORATION, | ORDER **EXCEPT AS MODIFIED BY THE COURT** |
| *Defendant.* | |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.414.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal  Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will

United States District Court
Central District of California

1  be applied when a party seeks permission from the court to file material under seal.

2  2.  <u>DEFINITIONS</u>

3      2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation

4  of information or items under this Order.

5      2.2    " CONFIDENTIAL"  Information or Items: information (regardless of

6  how it is generated, stored or maintained) or tangible things that qualify for

7  protection under <u>Federal Rule of Civil Procedure 26(c)</u>.

8      2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House

9  Counsel (as well as their support staff).

10     2.4    <u>Designated House Counsel</u>: House Counsel who seek access to

11  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this

12  matter.

13     2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or

14  items that it produces in disclosures or in responses to discovery as

15  "CONFIDENTIAL"  or  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16  ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" .

17     2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless

18  of the medium or manner in which it is generated, stored, or maintained (including,

19  among other things, testimony, transcripts, and tangible things), that are produced or

20  generated in disclosures or responses to discovery in this matter.

21     2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter

22  pertinent to the litigation who (1) has been retained by a Party or its counsel to serve

23  as an expert witness or as a consultant in this action, (2) is not a past or current

24  employee of a Party or of a Party's competitor, and (3) at the time of retention, is

25  not anticipated to become an employee of a Party or of a Party's competitor.

26     2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

27  <u>Information or Items</u>: extremely sensitive  Confidential Information or Items,

28

2

disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive Confidential Information or Items  representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4906-9174-8478, v. 1

1    2.16    Protected Material: any Disclosure or Discovery Material that is

2    designated as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL –

3    ATTORNEYS' EYES ONLY," or as " HIGHLY CONFIDENTIAL – SOURCE

4    CODE."

5    2.17    Receiving Party: a Party that receives Disclosure or Discovery Material

6    from a Producing Party.

7    3.    SCOPE

8    The protections conferred by this Stipulation and Order cover not only

9    Protected Material (as defined above), but also (1) any information copied or

10    extracted from Protected Material  (2) all copies, excerpts, summaries, or

11    compilations of Protected Material  and (3) any testimony, conversations, or

12    presentations by Parties or their Counsel that might reveal Protected Material.

13    However, the protections conferred by this Stipulation and Order do not cover the

14    following information: (a) any information that is in the public domain at the time of

15    disclosure to a Receiving Party or becomes part of the public domain after its

16    disclosure to a Receiving Party as a result of publication not involving a violation of

17    this Order, including becoming part of the public record through trial or otherwise

18    and (b) any information known to the Receiving Party prior to the disclosure or

19    obtained by the Receiving Party after the disclosure from a source who obtained the

20    information lawfully and under no obligation of confidentiality to the Designating

21    Party. Any use of Protected Material at trial shall be governed by a separate

22    agreement or order.

23    4.    DURATION

24    Even after final disposition of this litigation, the confidentiality obligations

25    imposed by this Order shall remain in effect until a Designating Party agrees

26    otherwise in writing or a court order otherwise directs. Final disposition shall be

27    deemed to be the later of (1) dismissal of all claims and defenses in this action, with

28    or without prejudice  and (2) final judgment herein after the completion and

United States District Court
Central District of California

4

4906-9174-8478, v. 1

1   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

2   including the time limits for filing any motions or applications for extension of time

3   pursuant to applicable law.

4   5.    DESIGNATING PROTECTED MATERIAL

5       5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under

this Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards. If it comes to a Designating Party's

attention that information or items that it designated for protection do not qualify for

protection at all or do not qualify for the level of protection initially asserted, that

Designating Party must promptly notify all other parties that it is withdrawing the

mistaken designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in

this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

stipulated or ordered, Disclosure or Discovery

    Material that qualifies for protection under this Order must be clearly so

designated when the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a) for information in documentary form (e.g., paper or electronic documents,

but excluding transcripts of depositions or other pretrial or trial proceedings), that

the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

CONFIDENTIAL – SOURCE CODE" to each page that contains protected

material. If only a portion or portions of the material on a page qualifies for

protection, the Producing Party also must clearly identify the protected portion(s)

(e.g., by making appropriate markings in the margins) and must specify, for each

portion, the level of protection being asserted.

United States District Court
Central District of California

4906-9174-8478, v. 1

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to

6

confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 10 days of the date of service of notice. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file a motion to challenge the confidentiality designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

United States District Court
Central District of California

7

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the  Acknowledgment and Agreement to Be Bound  (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

<u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

8

1    Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

2    paragraph 7.4(a)(2), below, have been followed

3         (c) the court and its personnel

4         (d) court reporters and their staff, professional jury or trial consultants,  and

5    Professional Vendors to whom disclosure is reasonably necessary for this litigation

6    and who have signed the "Acknowledgment and Agreement to Be Bound"

7    (Exhibit A)  and

8         (e) the author or recipient of a document containing the information or a

9    custodian or other person who otherwise possessed or knew the information.

10         Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information

11    or Items. Unless otherwise ordered by the court or permitted in writing by the

12    Designating Party, a Receiving Party may disclose any information or item

13    designated a "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

14         (a) the Receiving Party's Outside Counsel of Record in this action, as well as

15    employees of said Outside Counsel of Record to whom it is reasonably necessary to

16    disclose the information for this litigation

17         (b) Experts of the Receiving Party (1) to whom disclosure is reasonably

18    necessary for this litigation, (2) who have signed the "Acknowledgment and

19    Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

20    paragraph 7.4(a)(2), below, have been followed

21         (c) the court and its personnel

22         (d) court reporters and their staff, professional jury or trial consultants, and

23    Professional Vendors to whom disclosure is reasonably necessary for this litigation

24    and who have signed the "Acknowledgment and Agreement to Be Bound"

25    (Exhibit A)  and

26         (e) the author or recipient of a document containing the information or a

27    custodian or other person who otherwise possessed or knew the information.

28

4906-9174-8478, v. 1

United States District Court
Central District of California

1    7.4 <u>Procedures for Approving or Objecting to Disclosure of</u>

2    <u>" CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

3    <u>ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or</u>
<u>Items</u>

4    <u>to Experts.</u>

5    (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

6    Designating Party, a Party that seeks to disclose to an Expert (as defined in this

7    Order) any information or item that has been designated "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

9    CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make

10    a written request to the Designating Party that (1) identifies the general categories of

11    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that
the

12    Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full

13    name of the Expert and the city and state of his or her primary residence, (3)

14    attaches a copy of the Expert's current resume, (4) identifies the Expert's current

15    employer(s), (5) identifies each person or entity from whom the Expert has received

16    compensation or funding for work in his or her areas of expertise or to whom the

17    expert has provided professional services, including in connection with a litigation,

18    at any time during the preceding five years, and (6) identifies (by name and number

19    of the case, filing date, and location of court) any litigation in connection with which

20    the Expert has offered expert testimony, including through a declaration, report, or

21    testimony at a deposition or trial, during the preceding five years.

22    (b) A Party that makes a request and provides the information specified in the

23    preceding respective paragraphs may disclose the subject Protected Material to the

24    identified Expert unless, within 10 days of delivering the request, the Party receives

25    a written objection from the Designating Party. Any such objection must set forth in

26    detail the grounds on which it is based.

27    (c) A Party that receives a timely written objection must meet and confer with

28    the Designating Party (through direct voice to voice dialogue) to try to resolve the

United States District Court
Central District of California

1  matter by agreement within seven days of the written objection. If no agreement is

2  reached, the Party seeking to make the disclosure to the Expert may file a motion as

3  provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

4  applicable) seeking permission from the court to do so. Any such motion must

5  describe the circumstances with specificity, set forth in detail the reasons why the

6  disclosure to the Expert is reasonably necessary, assess the risk of harm that the

7  disclosure would entail, and suggest any additional means that could be used to

8  reduce that risk. In addition, any such motion must be accompanied by a competent

9  declaration describing the parties' efforts to resolve the matter by agreement (i.e.,

10  the extent and the content of the meet and confer discussions) and setting forth the

11  reasons advanced by the Designating Party for its refusal to approve the disclosure.

12      In any such proceeding, the Party opposing disclosure to the Expert shall bear

13  the burden of proving that the risk of harm that the disclosure would entail (under

14  the safeguards proposed) outweighs the Receiving Party's need to disclose the

15  Protected Material to its Designated House Counsel or Expert.

16  8.   SOURCE CODE

17      (a)   To the extent production of source code becomes necessary in this case,

18  a Producing Party may designate source code as "HIGHLY CONFIDENTIAL -

19  SOURCE CODE" if it comprises or includes material set forth in Paragraph 2.9.

20      (b)   Access to source code material shall be limited to outside counsel and

21  up to five (5) outside consultants or experts (*i.e.,* not existing employees or affiliates

22  of a Party or an affiliate of a Party or competitor identified by the Producing Party

23  with reasonable specificity) retained for the purpose of this litigation and approved

24  to access such materials pursuant to paragraph 7.4(a)(2) above. For the purposes of

25  this paragraph, an outside consultant or expert is defined to include the outside

26  consultant's or expert's direct reports and other support personnel, such that the

27  disclosure to a consultant or expert who employs others within his or her firm to

28  help in his or her analysis shall count as a disclosure to a single consultant or expert,

4906-9174-8478, v. 1

provided that such personnel helping in the analysis of source code shall be disclosed pursuant to Paragraph 7.4(a)(2).

(c)     To the extent necessary, a Receiving Party may include excerpts of HIGHLY CONFIDENTIAL - SOURCE CODE in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. To the extent portions of source code are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted source code will be separately stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

(d)     No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

(e)     Any source code produced in discovery shall be made available for inspection in the format in which it is kept in the ordinary course of business. Prior to the first inspection of any source code, the Receiving Party shall provide fourteen (14) days notice of the source code that it wishes to inspect. The Receiving Party shall provide five (5) business days notice prior to any additional inspections. The Producing Party shall make the source code available during normal business hours, which for purposes of this paragraph shall be 9:00 am through 5 p.m., at the Los Angeles office of Microsoft's counsel in the case of source code that Microsoft produces and a mutually agreed upon location in the case of source code that Avatier produces.  The source code shall be made available for inspection on a secured, stand-alone, computer in a secured room without Internet access or network

12

United States District Court
Central District of California

access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced. The Receiving Party's Outside Counsel and/or experts may request that commercially available software tools for viewing and searching source code be installed on the secured computer. The Receiving Party will secure a license for any such software tools, where necessary. The Producing Party may visually monitor the activities of the Receiving Party's representatives from outside the review room during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(e)    The Receiving Party's outside counsel and/or expert shall be entitled to take hand-written notes relating to the Source Code but may not copy the source code into the notes. In addition, and at the option of the Receiving Party, the Producing Party shall provide a note-taking computer (separate from the source code review machine), where said note-taking computer will not have an internet connection and will not be capable of audio, image or video recording, and provided further that such notes can be taken by the reviewer at the end of any review session and securely stored on an encrypted, removable, storage drive provided by the reviewer. For clarity, notes can be taken on the note-taking computer, but no other recording devices other than by hand writing, including, but not limited to, audio, image or video recorders  or wireless devices with data transmission capabilities or recording capabilities (e.g., cameras), will be permitted in the room housing the source code review machine, unless agreed otherwise by the parties in writing. The note-taking computer should have including but not limited to Microsoft Word installed for creating and storing notes. The note-taking computer shall not be enabled to or used by the Producing Party to monitor the Receiving Party's notes or otherwise view any work product or privileged information. Furthermore,

13

1    notwithstanding any other provision herein, the Receiving Party's representatives

2    may include specific file, function, and variable names in any notes.

3        (f)    The Receiving Party may request printing of up to 500 total pages of

4    source code per software version, including up to 30 consecutive pages, during the

5    duration of the case. To facilitate the printing process, the Reviewing Party may

6    create local PDF copies of the Source Code to be subsequently printed onto paper

7    copies. The directories in which those PDF copies and the PDFs themselves shall be

8    maintained on the source code computer after printing, along with new copies of the

9    PDFs providing the Bates Ranges corresponding to the paper printed versions in the

10   file name, *e.g.* MS_AVATIER_SOURCE_    -    . As soon as possible after the

11   request, but in no event more than 3 business days after the request, the producing

12   party will provide the requested material on paper bearing Bates numbers and the

13   legend "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as

14   discussed below. If the Receiving Party has already received a total of 500 pages

15   and believes that additional pages are reasonably required for its case preparation,

16   the Producing Party will consider a written request explaining the need for

17   additional pages and will not unreasonably deny such a request if good cause is

18   shown. The Receiving Party shall be entitled to up to five (5) copies of the printed

19   source code. The Receiving Party shall not request paper copies for the purposes of

20   reviewing the source code other than electronically as set forth in paragraph (e) in

21   the first instance. The Producing Party shall provide all such source code in paper

22   form including bates numbers and the label "HIGHLY CONFIDENTIAL -

23   SOURCE CODE." The Producing Party may challenge the amount of source code

24   requested in hard copy form pursuant to the dispute resolution procedure and

25   timeframes set forth in Paragraph 6 whereby the Producing Party is the

26   "Challenging Party" and the Receiving Party is the "Designating Party" for
     purposes

27   of dispute resolution.

28

4906-9174-8478, v. 1

United States District Court
Central District of California

(e)　　The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of source code, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s) (ii) the sites where any deposition(s) relating to the source code are taken, for the dates associated with the deposition(s) (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.,* a hotel prior to a Court proceeding or deposition) and (iv) at the office of the Receiving Party's experts or consultants permitted to access HIGHLY CONFIDENTIAL - SOURCE CODE material as set forth in Paragraph 8(b) above, the source code is safeguarded in a secured locked area in the office of such expert or consultant such that only that disclosed expert or consultant has access to the source code, and that, upon completion of their involvement in this litigation, or upon request by the Producing Party, the expert or consultant shall promptly return or destroy all copies of the source code and certify in writing that all such copies have been returned or destroyed.

(h)　　A Producing Party's source code may only be transported by the Receiving Party at the direction of a person authorized under paragraph 8(b) above to another person authorized under paragraph 8(b) above, on paper via hand carry, Federal Express, or other similarly reliable courier. Source code may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as discussed under paragraph 8(c) above.

United States District Court
Central District of California

4906-9174-8478, v. 1

15

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order  and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

United States District Court
Central District of California

16

to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. Federal Rule of Evidence 502(d) shall apply to any such inadvertently produced material. Other than inadvertently or unintentionally produced documents, information and materials under this paragraph, neither Party need provide a privilege log for materials dated on or after April 24, 2025.

12. <u>PROSECUTION BAR</u>

Any attorney representing Plaintiff, whether in-house or outside counsel, and any person associated with Plaintiff and permitted to receive the other Party's Protected Material that is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE, who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or  HIGHLY CONFIDENTIAL – SOURCE CODE information under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or  HIGHLY CONFIDENTIAL – SOURCE CODE information and any individuals who prepare, prosecute,

4906-9174-8478, v. 1

1   supervise or assist in the preparation or prosecution of any patent application

2   pertaining to the field of invention of the patents-in-suit. Nothing in this Order shall

3   prevent a person with access to HIGHLY CONFIDENTIAL – ATTORNEYS'

4   EYES ONLY or  HIGHLY CONFIDENTIAL – SOURCE CODE information from

5   participating in a PTO proceeding, *e.g.,* IPR or PGR, except for that person shall not

6   participate    directly or indirectly    in the amendment of any claim(s).

7   13.    MISCELLANEOUS

8       13.1    Non-Parties. To the extent that any discovery is taken of any Non-

9   Parties, and in the event that such Non-Parties contend the discovery sought

10  involves trade secrets, confidential business information, or other proprietary

11  information, then such Non-Parties may agree to be bound by this Order.

12      13.2    Right to Further Relief. Nothing in this Order abridges the right of any

13  person to seek its modification by the court in the future.

14      13.32.3    Right to Assert Other Objections. By stipulating to the entry of this

15  Protective Order no Party waives any right it otherwise would have to object to

16  disclosing or producing any information or item on any ground not addressed in this

17  Stipulated Protective Order. Similarly, no Party waives any right to object on any

18  ground to use in evidence of any of the material covered by this Protective Order.

19      13.4    Filing Protected Material. Without written permission from the

20  Designating Party or a court order secured after appropriate notice to all interested

21  persons, a Party may not file in the public record in this action any Protected

22  Material. A Party that seeks to file under seal any Protected Material must comply

23  with Civil Local Rule 79-5. Protected Material may only be filed under seal

24  pursuant to a court order authorizing the sealing of the specific Protected Material at

25  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

26  request establishing that the Protected Material at issue is privileged, protectable as

27  a trade secret, or otherwise entitled to protection under the law. If a Receiving

28  Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-

United States District Court
Central District of California

18

5 is denied by the court, the Parties shall meet and confer in good faith to seek a resolution as to how to proceed.

14.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, all Protected Material includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) the Protected Material was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: <u>December 12, 2025</u>

HON. STEVE KIM

United States Magistrate Judge

4906-9174-8478, v. 1

19

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on  [ date ]  in the case of *Avatier IP, LLC v. Microsoft Corp.*, Case No.: 2:25-cv-

03640 AB (SKx). I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.


Date: _____

City and State where sworn and signed:

Printed name:

            printed name

Signature: **_____**

United States District Court
Central District of California

20

4906-9174-8478, v. 1